# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

STUART N. AULD,                    )
                                   )
          **Plaintiff,**        )
                                   )
v.                                 )     Case No. 09-1139-EFM
                                   )
VALUE PLACE PROPERTY               )
MANAGEMENT, LLC., et al.,          )
                                   )
          **Defendants.**       )
                                   )
                                   )

## MEMORANDUM AND ORDER

This employment dispute is before the court on plaintiff's motion "for assignment of case to a district judge." (Doc. 45). In support of his motion, plaintiff asserts that the undersigned judge "is personally acquainted with Mr. Wright, attorney for the defendants . . . and has worked with him on many occasions in the past." Doc. 45, p. 4. Plaintiff argues that this favoritism is evidenced by the court's ruling on plaintiff's request for an extension of time. The court construes plaintiff's motion as one for recusal and analyzes plaintiff's assertions under 28 U.S.C. § 455. For the reasons set forth below, the motion shall be DENIED.

Under 28 U.S.C. § 455(a), federal judges must disqualify themselves in any proceeding in which their partiality might reasonably be questioned. Switzer v. Berry, 198 F.3d 1255, 1257 (10th Cir. 2000). The test is objective: "whether a reasonable person,

knowing all the relevant facts, would harbor doubts about the judge's impartiality." United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993). However, the test must be read in light of a judge's "duty to sit" on cases filed with the court. See Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995)("a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require"). 28 U.S.C. § 455(b)(1) also requires disqualification where a judge "has a personal bias or prejudice concerning a party."

In this case a reasonable person with access to the relevant facts would not conclude that the impartiality of the undersigned might be questioned. While it is accurate that the court expressed a familiarity with Mr. Wright during a status conference, the undersigned judge's "familiarity" is based on Mr. Wright's (1) lengthy tenure as an attorney admitted to practice in Kansas, (2) participation in bar activities, and (3) regular appearances in court. The undersigned has similar "familiarity" with hundreds of attorneys appearing before the court because of the nature of the judicial position and daily interaction with attorneys. Under the circumstances, a reasonable person with knowledge of all the relevant facts would not harbor doubts about the undersigned judge's impartiality.

Plaintiff also suggests bias or impartiality based on the court's ruling concerning his motion for an extension of time. The court does not agree. The sixty-day period of time requested by plaintiff to secure counsel had passed, the court granted the motion for an extension *in part* and set a deadline for plaintiff to file his response to the pending motion to dismiss. Order, (Doc. 40). The Order does not support plaintiff's assertion that the undersigned is impartial or biased. The ruling was simply a routine case-management order

intended to get the case "back on track." Rather than seek recusal, plaintiff should have (1) requested reconsideration or (2) appealed the ruling.[1]

The undersigned has no bias or prejudice against plaintiff or in favor of Mr. Wright; therefore, recusal under 28 U.S.C. § 455(b)(1) is not warranted. Similarly, recusal is not appropriate under 28 U.S.C. § 455(a), as discussed above. Accordingly, plaintiff's motion shall be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion (**Doc. 45**) is DENIED.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 11th day of June 2010.

                                                         S/Karen M. Humphreys
                                                         KAREN M. HUMPHREYS
                                                         United States Magistrate Judge

---

[1] The Order (Doc. 40) indicated that no further extensions of time would be granted. This limitation was imposed because of earlier extensions of time to retain counsel and the fact that no attorney had entered an appearance in the case.